UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
OCEANS CUISINE, LTD.,

                        Plaintiff,         **MEMORANDUM OF DECISION AND ORDER**
                                                                                           05-CV-3613 (DRH) (AKT)

          - against -

FISHERY PRODUCTS INTERNATIONAL,
INC., et al.,

                       Defendants.
----------------------------------------------------------X

**A P P E A R A N C E S :**

**LEVISOHN, BERGER & LANGSAM, LLP**
Attorney for Plaintiff
805 Third Avenue
New York, New York 10022
By: Marilyn Neiman, Esq.

**TORYS LLP**
Attorney for Defendants
237 Park Avenue
New York, New York 10017
By: Louis S. Ederer, Esq.
    Steven R. Schoenfeld, Esq.

**HURLEY, District Judge:**

        Plaintiff Oceans Cuisine, Ltd. ("Plaintiff") has filed five objections to three Orders of Magistrate Judge Jamie Orenstein, one dated January 30, 2006, and two dated February 6, 2006.[1] For the reasons that follow, four of Plaintiff's objections are denied and one is granted.

---

[1] This case has since been reassigned to Magistrate Judge A. Kathleen Tomlinson.

## BACKGROUND

### I. Background Leading up to the Orders at Issue

Plaintiff filed this trademark infringement case on August 2, 2005, alleging, inter alia, that the use of the business name "Ocean Cuisine International" by defendants Fishery Products International, Inc. and Fishery Products International Limited (collectively, "Defendants") infringed upon Plaintiff's rights to the trade name and trademark Oceans Cuisine. The Complaint asserts claims for injunctive relief and seeks actual damages. With regard to the latter, the Complaint does not assert a claim for corrective advertising costs and does not specify any amount of actual damage.

Two months later, Plaintiff filed a motion for a temporary restraining order and emergency injunctive relief. On October 21, 2005, I denied Plaintiff's motion and granted Defendants' motion for expedited discovery. I also ordered that discovery be completed within sixty days and indicated that a trial would follow soon thereafter.

On October 24, 2005, the parties agreed to a joint discovery plan, which was approved by Magistrate Judge Orenstein, requiring that all discovery be completed by December 30, 2005, except upon a showing of extraordinary circumstances. On October 28, 2005, Plaintiff submitted its Initial Disclosures, stating that the extent of Plaintiff's damages was currently undetermined. On November 16, 2005, Plaintiff responded to Defendants' First Set of Interrogatories, stating that its damages could not be determined until Plaintiff had an opportunity to review Defendants' responses to Plaintiff's discovery demands and to complete its depositions.

Thereafter, on November 28, 2005, both parties filed motions to compel.

Specifically, and relevant to the instant appeal, Defendants moved to compel Plaintiff to "provide the computation of its alleged damages, including lost profits (if any), which Plaintiff has failed to do even after we conferred with counsel on the issue." (Defs.' Nov. 28, 2005 Letter at 1.) By Order dated December 5, 2005, Judge Orenstein ordered Plaintiff to supplement its initial disclosure regarding the calculation of its damages by December 9, 2005. (*See* Dec. 5, 2005 Order.) Plaintiff's December 9, 2005 supplemental disclosures again failed to identify any actual damages, stating instead that its actual damages were undetermined and identified the amount of Defendants' gross profits as part of the relief it sought. Moreover, Plaintiff's initial disclosures and supplemental disclosures did not assert any claim for the costs of corrective advertising.

On December 30, 2005, Plaintiff retained new counsel to act as co-counsel with Plaintiff's existing counsel. New counsel requested a three week extension of discovery. On January 5, 2006, the parties appeared for a conference before Judge Orenstein at which time he extended the discovery cut-off to January 20, 2006 to: (1) allow Plaintiff to take depositions of five non-parties; and (2) afford Defendants time to produce "two items of document production" requested by Plaintiff. (Jan. 5, 2006 Order.) The Order explicitly states that in amending the discovery schedule, Judge Orenstein "expect[s] that the only new discovery that will take place, beyond matters addressed in previous orders will be the items listed below." (*Id.*)

On January 9, 2006, Plaintiff submitted a Supplemental Answer to Interrogatory "2", which supplemented Plaintiff's statement of actual damages to also include "the cost of corrective advertising in the range of approximately $2,000,000 to $3,000,000[] and actual damages arising from interference with the expansion of Plaintiff's business estimated to be

$200,000 gross sales per year for each of two years." (Pl.'s Objections at 7.) The new claim for prospective corrective advertising costs was based on a verbal estimate purportedly given to Plaintiff by a Mr. Charles MacLeod ("MacLeod") of AMH&E, an advertising firm that had never been identified as a witness in initial or other disclosures.

On January 10, 2006, Defendants moved to strike Plaintiff's Supplemental Answer, arguing that "it was an attempt to circumvent Judge Orenstein's December 5, 2005 and January 5, 2006 orders, renege on the assurances that plaintiff's new counsel gave to the Court in seeking an extension of discovery, and an effort to manufacture new, 'expert-like' evidence to support plaintiff's new damages theories." (Defs.' Mem. at 8.) Plaintiff responded that it was simply amending its discovery responses pursuant to Federal Rule of Civil Procedure ("Rule") 26(e), discussed *infra*.

Judge Orenstein held a conference on January 17, 2006, and offered Plaintiff a choice: "(1) withdraw the supplemental answer to interrogatories, thereby saving plaintiff from having to pay both its own legal fees and costs and [Defendants'] legal fees and costs for further discovery, including depositions, on, plaintiff's new claims; or (2) persist with the new claims with the understanding that the Court would impose on plaintiff all of the legal fees and costs incurred by [Defendants] for further discovery, including depositions resulting from plaintiff's belated supplementation of its answer to interrogatories." (*Id.* at 8-9; Pl.'s Mem. in Further Supp. at 1.) Plaintiff's counsel chose the latter option and the parties were instructed to submit a proposed stipulation within the parameters set by the Court. The parties thereafter submitted letters to Judge Orenstein in support of their respective positions on the stipulation.

On January 26, 2006, outside of the discovery cut-off, Plaintiff produced three

4

pages of notes made by Philip Melfi ("Melfi"), the President of Plaintiff, with respect to his January 24, 2006 meeting with AMH&E on corrective advertising. On January 27, 2006, Melfi was deposed, for the second time, on the issue of damages.

## II.     *The January 30, 2006 and February 6, 2006 Orders*

On January 30, 2006, the parties appeared before Judge Orenstein. Judge Orenstein thereafter issued three orders, one dated January 30, 1996 and two dated February 6, 2006, all of which are the subject of the instant appeal. Specifically, Judge Orenstein ruled that

> 1. Plaintiff has identified Mr. Philip Melfi and Mr. Charles MacLeod of AMH&E as the only fact witnesses plaintiff will use in this action with respect to the assertion in the Supplemental Answer of alleged corrective advertising costs and expenses and the assertion in the Supplemental Answer of alleged interference with the expansion of plaintiff's business. . . .
>
> 2. Plaintiff must produce Mr. Melfi for an additional deposition . . . on or before January 27, 2006. . . . Plaintiff will pay all reasonable fees and costs incurred by defendants in connection with that additional deposition, including legal fees for the time of defendants' counsel to prepare for and take that deposition and court reporter and transcript fees and expenses. . . . Any dispute over the amount of such fees and costs shall be resolved by the Court by letter motion. Such fees and costs will not be recoverable by plaintiff from defendants regardless of the outcome of this action.
>
> 3. Plaintiff may not rely in any manner in this action on any documents in support of any alleged corrective advertising and expenses and any alleged interference with the expansion of plaintiff's business that plaintiff has not produced, and defendants' counsel have not received, by 5 p.m. on January 25, 2006 . . . .
>
> . . . .
>
> 5. There will be no further supplementation by plaintiff of disclosures or discovery responses.
>
> . . . .

(February 6, 2006 Order.) A separate order was issued on February 6, 2006 as to the deposition of MacLeod, containing identical provisions as to Plaintiff's obligation to pay all reasonable fees and costs in connection with this deposition, including Defendants' counsel's preparation time, and that such fees and costs may not be recoverable by Plaintiff from Defendants regardless of the outcome of this action. (February 6, 2006 Order.) Finally, Judge Orenstein denied Plaintiff's application to compel production by Defendants of documents demonstrating their advertising expenses in the United States. (January 30, 2006 Order.)

## III. *Plaintiff's Objections*

Plaintiff asserts the following five objections to the January 30, 2006 and February 6, 2006 Orders: (1) Judge Orenstein erred in requiring Plaintiff to pay Defendants' costs and attorneys fees in *preparing* for the depositions of Melfi and MacLeod (Plaintiff does not object to paying Defendants' reasonable costs and attorneys' fees for the time Defendants' attorneys spent deposing Melfi and MacLeod); (2) Judge Orenstein's ruling that such fees and costs will not be recoverable from Defendants regardless of the outcome of this action is contrary to 15 U.S.C. § 1117(a); (3) Judge Orenstein erred in ruling that Plaintiff may not rely on any documents in support of corrective advertising and expenses as well as any interference with the expansion of Plaintiff's business that have not been produced and received by Defendants' counsel by January 25, 2006 by 5:00 p.m.; (4) Judge Orenstein erred in ruling that Plaintiff will not be permitted to further supplement its discovery responses; and (5) Judge Orenstein erred in denying Plaintiff's motion to compel production of a document showing Defendants' advertising expenses in the United States. Defendants have opposed Plaintiff's objections. For the reasons stated below, objections one through three and five are denied; Plaintiff's fourth objection is

granted.

## DISCUSSION

### I. Standard of Review

This court reviews a magistrate judge's decision regarding non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Discovery matters generally are considered non-dispositive of litigation. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).

An order is "clearly erroneous" only if a reviewing court, considering the entirety of the evidence, "'is left with the definite and firm conviction that a mistake has been committed'"; an order is "contrary to law" when it "'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *E.E.O.C. v. First Wireless Group, Inc.*, 225 F.R.D. 404, 405 (E.D.N.Y. 2004) (quoting *Weiss v. La Suisse*, 161 F. Supp. 2d 305, 320-21 (S.D.N.Y. 2001)). This standard is "highly deferential," "imposes a heavy burden on the objecting party," and "only permits reversal where the magistrate judge abused his discretion." *Mitchell v. Century 21 Rustic Realty*, 233 F. Supp. 2d 418, 430 (E.D.N.Y. 2002).

Because a magistrate judge is clearly the best qualified to "judge the entire atmosphere of the discovery process," *Bogan v. Northwestern Mut. Life Ins. Co.*, 144 F.R.D. 51, 53 (S.D.N.Y. 1992), his discovery-related rulings are entitled to particular deference. *See Nikkal Indus., Ltd. v. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) ("Consistently, it has been held that a magistrate's report resolving a discovery discourse between litigants should be afforded substantial deference and be overturned only if found to be an abuse of discretion.").

## II. *Plaintiff's Objections*

### A. *Orders Regarding Payment of Costs and Fees*

Plaintiff does not object to that portion of Judge Orenstein's Orders which require Plaintiff to pay Defendants' reasonable legal fees to *take* the depositions of Melfi and MacLeod on the new damages claims. Rather, Plaintiff contends that it is unfair to require Plaintiff to pay Defendants' reasonable legal fees to *prepare* for these depositions. Plaintiff advances several arguments in support of its position. The Court will address them in turn.

First, Plaintiff argues that the Order is unfair because Defendants have "tak[en] advantage" of the Order by unduly delaying the taking of the depositions, i.e., asking unnecessary and duplicative questions, to jack up their fees. In that regard, Plaintiff contends that it has no way to monitor Defendants' counsel's preparation time. Moreover, Plaintiff claims that the Order does not sufficiently take into account the parties' respective financial positions, viz. Plaintiff had sales of $640,000 in 2005 compared to Defendants' sales of $800 million.

None of these arguments persuades the Court that Judge Orenstein's Orders were clearly erroneous or contrary to law. To the extent Plaintiff believes Defendants' fees are excessive, Judge Orenstein's Orders explicitly provide that Plaintiff may petition the Court via letter motion to review the reasonableness thereof. (Feb. 6, 2006 Orders.) Moreover, although Judge Orenstein's Order may seem "unfair" to Plaintiff given its relatively limited financial resources, that does not translate into a finding of clearly erroneous or contrary to law. Simply put, Judge Orenstein imposed costs on Plaintiff that never would have been incurred absent Plaintiff's dilatory actions. (*See* Jan. 30, 2006 Tr. at 13("[T]his is a situation the Plaintiff created.").) Plaintiff was given a choice to abandon his untimely claims or pay for Defendants'

costs in exploring them. (*Id.*) Plaintiff chose the latter option. Accordingly, the Court finds that Judge Orenstein's Order in this regard was not an abuse of discretion.

Next, Plaintiff argues that Judge Orenstein incorrectly concluded that Plaintiff's submission of the Supplemental Interrogatory Answer, which added a new theory on damages, was untimely because Plaintiff was merely supplementing its discovery responses under Rule 26(e), as required to do. That rule provides, in pertinent part, that:

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(2). Under Rule 37(c)(1), the penalty for failure to meet this obligation is clearly defined: "A party that without substantial justification fails to . . . amend a prior response to discovery as required by Rule 26(e)(2), is not, unless the failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). The purpose of these rules is to eliminate surprise at trial. *See, e.g.*, *American Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (citations omitted).

Here, contrary to Plaintiff's assertions, Plaintiff's advancement of a new theory on damages in its Supplemental Interrogatory Answer does not constitute "new facts," (Pl.'s Mem. in Further Supp. at 3), pursuant to which Plaintiff had a duty to supplement under Rule 26(e). Plaintiff did not "learn" that its prior disclosure was "incomplete or incorrect." Rather, Plaintiff belatedly consulted with AMH&E, an advertising company, and later attempted to assert theories based upon that consultation, after the discovery cut-off. Plaintiff's failure to

9

pursue this matter in a timely fashion does not constitute supplementation within the ambit of Rule 26(e). *Cf. Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D. N.C. 2002) ("[Rule 26(e)] does not cover failures of omission because the expert did an inadequate or incomplete preparation. To construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would reek havoc in docket control and amount to unlimited expert opinion preparation. Therefore, [the expert's] second test and opinion was not supplementation, but merely an out-of-time disclosure.") (citation omitted).[2]

Finally, Plaintiff argues that Judge Orenstein never stated the legal authority upon which he relied in imposing fees and costs. Plaintiff contends that none of the rules providing for such relief is applicable here. The Court disagrees.

Pursuant to Rule 26(a)(1), Plaintiff was required in its initial disclosure to provide a computation of all categories of damages and produce all documents or other evidentiary material on which any computation of damages is based. Fed. R. Civ. P. 26(a)(1)(c). Plaintiff did not provide its statement of damages in its initial disclosure nor at any time thereafter within the discovery period. Under Rule 37(c)(1),

> A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of

---

[2] The Court recognizes that Plaintiff retained additional counsel on the discovery cut-off date. However, that counsel subsequently appeared before Judge Orenstein and obtained an extension of the discovery deadline for other purposes, never once mentioning the issue of damages. Then, four days after meeting with Judge Orenstein, Plaintiff submitted its Supplemental Answer to Interrogatory on damages.

> reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1). Plaintiff argues that this rule is inapplicable because it "did not fail to disclose any known information." (Pl.'s Mem. in Further Supp. at 3.) Judge Orenstein rejected this characterization and instead found that Plaintiff's dilatory disclosure was not authorized under Rule 26(e). For the reasons stated above, this finding was not clearly erroneous or contrary to law. Accordingly, Judge Orenstein was well within his authority to impose fees on Plaintiff based upon Plaintiff's failure to disclose its damages computation until after the discovery cut-off.

In sum, Plaintiff has presented no persuasive argument that Judge Orenstein's Orders imposing costs and fees on Plaintiff arising out of its Supplemental Answer to Interrogatory was clearly erroneous or contrary to law. Accordingly, Plaintiff's objection in this regard is denied.

### B. *Order Regarding Recovery of Fees at Conclusion of Action*

Plaintiff contends that Judge Orenstein erred in ruling that the fees and costs imposed upon Plaintiff, discussed above, will not be recoverable by Plaintiff regardless of the outcome of this action. Plaintiff bases its argument on 15 U.S.C. § 1117(a), which provides that in a trademark infringement action, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." Essentially, Plaintiff argues that Judge Orenstein's ruling is inconsistent with the statute.

Plaintiff cites no authority for its argument. Specifically, and as noted by Defendants, Plaintiff proffers no authority "to support the proposition that the Court's discretion

to award legal fees to the prevailing party under 15 U.S.C. § 1117(a) in an exceptional case . . . trumps the Court's authority under the rules to issue such discovery orders as are just under the circumstances." (Defs.' Mem. at 16.) In making his ruling, Judge Orenstein obviously believed that Plaintiff should not be entitled to get back costs and fees that would never have been incurred but for Plaintiff's dilatory conduct. The Court cannot state that such determination was clearly erroneous or contrary to law. Accordingly, this objection is denied.

### C. *Order Regarding January 25, 2006 Cut-off*

Plaintiff objects to Judge Orenstein's ruling that Plaintiff may not rely in any manner on any documents in support of any alleged corrective advertising and expenses and any alleged interference with the expansion of Plaintiff's business that Plaintiff has not produced, and Defendants' counsel have not received, by 5 p.m. on January 25, 2006. Judge Orenstein rejected Plaintiff's attempts to produce documents after that date as an attempt by Plaintiff to "evade prior rulings by getting in expert testimony to which [Plaintiff] waived its right to introduce." (Jan. 30, 2006 Tr. at 11.)

Plaintiff argues that the January 25, 2006 deadline was "arbitrary and unfair" and that the information it belatedly produced was merely supplemental information permitted under Rule 26(e). (Pl.'s Objections at 15.) The Court has considered Plaintiff's arguments and finds that Judge Orenstein's ruling in this regard was not clearly erroneous or contrary to law. It was clearly within Judge Orenstein's authority to impose a discovery cut-off date. Moreover, the documents Plaintiff produced, three pages of notes made by Melfi regarding his January 24, 2006 meeting with AMH&R on corrective advertising, do not fall within the ambit of Rule 26(e). Accordingly, Plaintiff's objections on this point are denied.

### D. Order Regarding Supplementation by Plaintiff

Judge Orenstein's February 6, 2006 Order provides that "[t]here will be no further supplementation by plaintiff of disclosures or discovery responses." (Feb. 6, 2006 Order ¶ 5.) Plaintiff contends that this ruling is contrary to Rule 26(e) pursuant to which "Plaintiff has a right to supplement its interrogatory responses, document production and initial disclosures based on new events that take place between the discovery cut-off date and the trial." (Pl.'s Objections at 15.) Specifically, Plaintiff claims that "[n]ew incidents of actual confusion between Plaintiff's OCEANS CUISINE mark/name and Defendants' OCEAN CUISINE mark/name occur as Defendants continue their use of the infringing mark." (*Id.* at 15-16.) Finally, Plaintiff maintains that the Order is unfair because it only applies to Plaintiff and does not preclude Defendants from supplementing disclosures. (*Id.* at 16.)

Plaintiff raised similar arguments before Judge Orenstein at the January 30, 2006 conference. Rather than striking this portion of the Order, Judge Orenstein ruled that Plaintiff could move to re-open discovery should the need to supplement present itself. (January 30, 2006 Tr. at 20.) In this regard, the Order provides that "[t]his order will only be modified by the Court upon a showing of extraordinary circumstances." (Feb. 6, 2006 Order ¶ 11.)

Plaintiff argues that this ruling places "Defendants in the enviable position that they can continue to infringe Plaintiff's trademark and trade name, yet Plaintiff is unfairly precluded from producing evidence of Defendants' continued infringing conduct and the resulting damages that will be incurred to the date of trial." (Pl.'s Objections at 17.) Plaintiff further argues that it "should simply be allowed to produce the relevant new documents directly to the Defendants" and that this Court can determine the admissibility of such documents at trial.

13

(Pl.'s Mem. in Further Supp. at 6.) The Court agrees.

Under Rule 26(e), and as discussed above, a party is under a *duty* to supplement its disclosures if the party learns that "in some material respect" the information already provided is "incomplete or incorrect." Fed. R. Civ. P. 26(e). Under Rule 37(c)(1), "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required under 26(e)(2)" may be precluded from using such information at trial and may be sanctioned. Fed. R. Civ. P. 37(c)(1).

Rule 26(e) makes the obligation to supplement mandatory under limited circumstances. To the extent Judge Orenstein's Order modified this obligation by imposing a hurdle that is inconsistent with the Rule, i.e., a showing of extraordinary circumstances, the Court finds that Judge Orenstein's Order was in error. That being said, Plaintiff is hereby put on notice that any attempt on its behalf to circumvent the discovery deadline under the guise of Rule 26(e) will not be countenanced. Accordingly, paragraph five of the February 6, 2006 Order which provides that there will be no further supplementation by Plaintiff is hereby stricken.

### E.  *Order Regarding Defendants' Advertising Expenses*

On January 25, 2006, Plaintiff moved to compel production of documents regarding Defendants' expenses for advertising in the United States. When asked by Judge Orenstein at the January 30, 2006 conference why Plaintiff was making this request so late and after the discovery cut-off, counsel conceded that they had not thought to ask for it earlier. (Jan. 30, 2006 Tr. at 23.) Judge Orenstein subsequently denied the application. (January 30, 2006 Order ¶ 2.)

A review of the record reveals that Plaintiff did not move to compel production of

14

these documents within the discovery time frame set by Judge Orenstein and similarly did not raise this issue when it moved to extend the discovery deadline by three weeks. It was clearly within Judge Orenstein's discretion to hold Plaintiff to court established deadlines. Under these circumstances, Judge Orenstein's Order cannot be labeled clearly erroneous or contrary to law. Accordingly, Plaintiff's objection is denied.

## *CONCLUSION*

For all of the above reasons, Plaintiff's objections are denied and Judge Orenstein's Orders dated January 30, 2006 and February 6, 2006 are affirmed with one exception: paragraph five of the February 6, 2006 Order precluding further supplementation by Plaintiff is stricken.

The parties are directed to appear before the undersigned for a final pre-trial conference on May 12, 2006, at 2 p.m. Parties and/or and persons with full authority to settle shall appear. The parties are further directed to engage in good faith settlement negotiations prior to the conference. Should the case not settle at that time, the Court will schedule a trial in June 2006.

**SO ORDERED.**

Dated: April 21, 2006
Central Islip, New York        /s
                               Denis R. Hurley,
                               United States District Judge